NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 22 PENSION, WELFARE, ANNUITY, EDUCATION, TRAINING AND INDUSTRY FUNDS, in its own right and by and through its TRUSTEES, by and through THOMAS GALLAGHER as Administrator, Trustee and Fiduciary,<br><br>Plaintiffs,<br>v.<br><br>RICHARD JOSEPH VALENTI, et al.,<br><br>Defendants. | Civil Action No.: 07-4576 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of the motion filed by Defendant Norris, McLaughlin & Marcus, PA ("Defendant" or "NMM") for entry of judgment under Rule 54(b) [D.I. 72]. No opposition was filed. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion is granted.

INTRODUCTION

As this Court writes only for the parties, and because it set forth the factual background to this case extensively in a previous opinion, the Court will not restate

DISCUSSION

**A.     Motion for Entry of Judgment Under Rule 54(b)**

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Supreme Court has enunciated a two-step procedure for entering judgment under Rule 54(b). Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). First, the district court must find that there is a final judgment, such that "it is a decision upon a cognizable claim for relief" and that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S. at 7 (internal quotation omitted). Second, the district court must exercise its discretion and function as a "dispatcher" in determining whether there is "any just reason for delay." Id. at 8 (internal quotation omitted). In determining whether or not there is a just reason to delay the appellate process, a district court must balance such factors as the federal judicial policy against piecemeal appeals, "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

     First, the Court finds that there is a final judgment as to NMM. The only claims against NMM in this case were Counts 12 and 13 of Plaintiff's Complaint. This Court granted summary judgment in favor of NMM as to both claims, thereby dismissing the only claims brought against

NMM.

The Court, then, moves on to the second prong of Rule 54(b), and must decide whether any just cause for delay exists. As the Court noted in its previous opinion, the only issue before the Court with respect to NMM was whether the $323,592.55 mortgage (on the Pennsylvania Property) granted by the Valentis to the Norris Firm constituted a fraudulent conveyance pursuant to N.J.S.A. 25:2-26. All other remaining claims are factually and legally distinct from the claims against NMM. Thus, the Court finds that "the claims under review [are] separable from the others remaining to be adjudicated and [the] the nature of the claims already determined [is] such that no appellate court w[ill] have to decide the same issues more than once even if there [are] subsequent appeals," Plaintiffs motion for entry of judgment under Rule 54(b) is, therefore, granted. Id.

## CONCLUSION

For the foregoing reasons and as set forth in the accompanying order, Plaintiff's motion to for entry of judgment is granted. An appropriate order accompanies this Opinion.


DATED: August 24, 2010                                              /s/ Jose L. Linares
                                                                 United States District Judge